# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

NEOMEDIA TECHNOLOGIES, INC.,

        Plaintiff,

v.

TARGET CORPORATION,

        Defendant.

Judge

**Jury Trial Demand**

## COMPLAINT

Plaintiff NeoMedia Technologies, Inc. for its Complaint for patent infringement against Defendant Target Corporation, alleges as follows:

### PARTIES

1. Plaintiff NeoMedia Technologies, Inc. ("NeoMedia") is a Delaware corporation with its principal place of business at 1515 Walnut Avenue, Suite 100, Boulder, Colorado 80302 that provides mobile barcode creation and technology solutions including 2-dimensional ("2D") products and services.

2. NeoMedia is the owner of record and assignee of US Patent No. 6,199,048 ("the '048 Patent") and US Patent 8,131,597 ("the '597 Patent") (collectively, the "Asserted Patents"). NeoMedia has and has had the exclusive right to enforce and collect damages for infringement of the Asserted Patents during all relevant time periods.

3. On information and belief, Defendant Target Corporation ("Target") is organized and existing under the laws of the State of Minnesota, having its principal

place of business at 1000 Nicollet Mall, Minneapolis, MN 55403 and having a place of business in numerous locations in this District, including one at 2800 Pearl St., Boulder, CO 80301.  Target's registered agent in Colorado is: CT Corporation, 1675 Broadway Ste 1200, Denver, CO 80202.

## JURISDICTION AND VENUE

4. This is a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*., and more particularly 35 U.S.C. § 271.

5. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

6. Personal jurisdiction over the defendant is proper under C.R.S. § 13-1-124 and the United States Constitution because this action arises from the Defendant's commission of at least (a) transacting business and (b) committing the complained of tortious acts within this jurisdiction.

7. Venue is proper in this District under 28 U.S.C. §§ 1391 (b) and (c) and 1400 (b).

## BACKGROUND

8. NeoMedia is a leader in mobile barcode creation and technology solutions including 2-dimensional ("2D") products and services.  NeoMedia's platform technology enables consumers easy and quick access to information by scanning mobile barcodes with cameras such as those on smartphones or tablets.  NeoMedia provides a barcode scanner application, NeoReader®, which allows users to scan multiple types of 1-Dimensional ("1D"), such as Uniform Product Codes ("UPC") and 2D barcodes, such as Quick-Response Codes ("QR Codes").

9. NeoMedia has the technical capacity to provide QR Codes and QR Code-related services to Target. NeoMedia has also licensed its patents to other companies that have the technical capacity to provide QR Codes and QR Code-related services to Target. Target, however, has not used the services of NeoMedia or a provider licensed by NeoMedia to create and manage QR Codes produced and distributed by Target.

**THE PATENTS-IN-SUIT**

10. On March 6, 2001, the '048 Patent, entitled "System and Method for Automatic Access of a Remote Computer Over a Network" was duly and legally issued by the United States Patent and Trademark Office ("the USPTO").

11. The claims of the '048 Patent were subjected to two ex parte reexaminations before the USPTO. The first reexamination was instituted on July 26, 2007 ("the 2007 Reexamination"), and concluded on June 9, 2009, when the USPTO issued an Ex Parte Reexamination Certificate (6867th). The second reexamination was instituted on September 20, 2010 ("the 2010 Reexamination"), and concluded on September 6, 2011, when the USPTO issued an Ex Parte Reexamination Certificate (8519th). A true and correct copy of the '048 Patent, and its two Ex Parte Reexamination Certificates is attached as Exhibit A.

12. On March 6, 2012, the '597 Patent, entitled "System and Method for Using an Ordinary Article of Commerce to Access a Remote Computer" was duly and legally issued by the USPTO. A true and correct copy of the '597 Patent is attached as Exhibit B.

13. The '048 patent has been asserted in several previous patent infringement lawsuits, each of which resolved by default judgment in favor of NeoMedia or by the accused defendants agreeing to enter license agreements with NeoMedia.

14. In addition to the licenses discussed above, NeoMedia has licensed certain of its patents, including the '048 and '597 patents, to other companies including but not limited to Kraft Foods, Microsoft, Progressive Insurance, Mondelez Global LLC, Skechers USA, Tyson Foods, a global life science and high-tech materials company, a beverage manufacturer, a consumer packaged goods company, a Global 500 financial services company, a global manufacturer and marketer of high-quality food and beverage company, large quick service restaurants, and a major US automobile manufacturer.

### Target's Knowledge Of The Asserted Patents, How They Are Infringed, And Continued Infringement Despite That Knowledge

15. Target has been aware of the Asserted Patents no later than approximately February 12, 2013, when a letter dated February 7, 2013 was delivered by Federal Express to Target. The letter identifies the Asserted Patents and the activity NeoMedia contends infringes them.

16. In addition to an accusation of direct infringement, the letter states that Target was "inducing the direct infringement of method claims and system claims by providing these codes and encouraging and instructing its consumers to scan Target's mobile barcodes/QR codes." A claim chart setting forth NeoMedia's contention of infringement of claim 1 of the '597 patent was included in the letter.

17. In addition to the February 7, 2013 letter and claim chart, this Complaint serves as additional notice to Target of the Asserted Patents and the manner in which they are infringed.

4

18.     Since sending the February 7, 2013 letter, NeoMedia, through counsel and licensing agents, has corresponded multiple times with representatives of Target via phone and e-mail, beginning in February of 2013 and most recently on April 14, 2014.

19.     Target has not agreed to enter into a licensing agreement with NeoMedia.

20.     Target has not offered an explanation that Target does not infringe the Asserted Patents.

21.     Target has not stated to NeoMedia that the Asserted Patents are invalid for any reason.

22.     As was explained in the February 7th letter, QR Codes produced and distributed by Target infringe the Asserted Patents because the QR Codes enable a user device (such as a smartphone) to connect indirectly with a content server over the Internet.  Target does this by encoding the QR Code with an index that is sent to a server and used to lookup the URL of a content server, which is then returned to the user device to enable it to connect with the content server.  QR Codes designed to operate in this manner are referred to as "Indirect QR Codes" in this Complaint.

23.     With knowledge of the Asserted Patents and knowledge of the manner in which the Asserted Patents are infringed, Target has continued to produce and distribute Indirect QR Codes that, when scanned, infringe the Asserted Patents.

24.     For example, Target has produced, distributed, and/or sold products with packaging containing Indirect QR Codes that, on information and belief, Target coordinates or mandates be placed on certain products sold in Target stores

25.     One such Indirect QR Code, on the packaging of a Claritin air purifier, is encoded with the following information that includes an index:

"http://mc.tgt.com/cb/tqr.jsp?q=2F58WR7190FAMST8HOJ1/home_airp_pkg_085000519."

26. The index is used to look up the address of the content server, which is "www.holmesproducts.com/claritin-qr.html?ref=tgt_adv_qr_airp_pkg_085000519," and that address is returned to the device that scanned the Indirect QR Code.

27. The packaging expressly instructs individuals to "scan the code with your smartphone" next to the code itself.

28. A second such Indirect QR Code, on the front packaging of a Holmes air purifier, is encoded with the following information that includes an index: "http://qr.tgt.com/p/085000145."

29. The index is used to look up the address of the content server, which is "http://m.target.com/spot/product-guide/air-purifier-13021386?ref=tgt_adv_qr_p_085000145," and that address is returned to the device that scanned the Indirect QR Code.

30. The packaging expressly instructs individuals to "scan the code with your smartphone" next to the code itself.

31. Target makes further use of Indirect QR Codes in promotional and other materials posted in its stores.

32. On information and belief, Target owns or controls the servers with the mc.tgt.com and qr.tgt.com domain addresses. These servers receive the index sent by the device that scanned an Indirect QR Code, use the index to look up the address of the content server, and return the address of the content server to the device.

6

33. On information and belief, Target's Indirect QR Codes have been scanned in this judicial district, meaning that acts of direct infringement have taken place in this judicial district, and Target has induced or contributed to such acts of direct infringement.

34. Indirect QR Codes like the examples above that are encoded with an index that are used to look up the address of a content server (which, in turn, will be returned to the device that scanned the Indirect QR Code) are especially made and designed for that purpose.

35. Indirect QR Codes have no purpose except to be scanned, and the information encoded in them has no purpose except to cause a server to use the index to lookup the address of a content server and return the address of the content server to the device that scanned the Indirect QR Code.

36. Indirect QR Codes are not staple articles of commerce; they lack any substantial non-infringing uses.

37. The full extent of Target's distribution and promotion of Indirect QR Codes that, when scanned, infringe the Asserted Patents is not known to NeoMedia. Target's refusal to discuss the matter further with NeoMedia other than stating they are not interested in taking a license prevents NeoMedia from assessing the full extent of Target's use of Indirect QR Codes.

38. In light of its knowledge of the Asserted Patents and knowledge of the manner in which they are infringed, Target was objectively reckless in continuing to engage in actions that directly and indirectly infringe the Asserted Patents. Target knew or should have known that there was an objectively high likelihood that its actions constituted infringement of a valid patent.

## COUNT I: INDUCING INFRINGEMENT OF THE '048 PATENT

39. NeoMedia incorporates by reference the allegations set forth in paragraphs 1 through 38 of this Complaint as though set forth fully herein.

40. Target, through previous correspondence from NeoMedia, and based upon this Complaint, is aware of the '048 patent and the acts that constitute infringing conduct.

41. With knowledge of the '048 patent and knowledge of the acts that constitute infringement of the '048 patent, Target acted with the specific intent to induce and cause the direct infringement of the '048 patent.

42. Specific acts undertaken by Target to induce infringement of the claims of the '048 patent include: (1) producing and distributing Indirect QR Codes encoded with an index, with the knowledge that when the index is scanned by a user device, the index will be sent to a server and used to lookup the URL of a content server, which is then returned to the user device to enable it to connect with the content server; and (2) expressly encouraging or instructing individuals to scan Indirect QR Codes.

43. Target is liable to NeoMedia for inducing infringement of the '048 Patent, in violation of 35 U.S.C. § 271(b).

44. Target's conduct is willful and deliberate.

45. As a direct and proximate result of Target's acts, NeoMedia has been, and continues to be injured, and has sustained, and will continue to sustain, substantial damages in an amount not yet determined.

46. In addition, NeoMedia has and will continue to suffer irreparable harm as a direct and proximate result of Target's acts of patent infringement.

## COUNT II: CONTRIBUTORY INFRINGEMENT OF THE '048 PATENT

47. NeoMedia incorporates by reference the allegations set forth in paragraphs 1 through 38 of this Complaint as though set forth fully herein.

48. Indirect QR Codes made and distributed by Target are material to practicing the '048 Patent's invention.

49. Indirect QR Codes made and distributed by Target are especially made or especially adapted to indirectly link to a webserver.

50. Indirect QR Codes made and distributed by Target have no substantial non-infringing uses.

51. Target is liable to NeoMedia for contributing to the infringement of the '048 Patent, in violation of 35 U.S.C. § 271(c).

52. Target's conduct is willful and deliberate.

53. As a direct and proximate result of Target's acts, NeoMedia has been, and continues to be injured, and has sustained, and will continue to sustain, substantial damages in an amount not yet determined.

54. In addition, NeoMedia has and will continue to suffer irreparable harm as a direct and proximate result of Target's acts of patent infringement.

## COUNT III:  DIRECT INFRINGEMENT OF THE '597 PATENT

55. NeoMedia incorporates by reference the allegations set forth in paragraphs 1 through 38 of this Complaint as though set forth fully herein.

56. Target has and controls a server computer that meets each and every element of one or more of the claims in the '597 patent, resulting in direct infringement of the '597 patent.

57. Target's conduct is willful and deliberate.

58. As a direct and proximate result of Target's acts, NeoMedia has been, and continues to be injured, and has sustained, and will continue to sustain, substantial damages in an amount not yet determined.

59. In addition, NeoMedia has and will continue to suffer irreparable harm as a direct and proximate result of Target's acts of patent infringement.

### COUNT IV: INDUCING INFRINGEMENT OF THE '597 PATENT

60. NeoMedia incorporates by reference the allegations set forth in paragraphs 1 through 38 of this Complaint as though set forth fully herein.

61. Target, through previous correspondence from NeoMedia, and based upon this Complaint, is actually aware of the '597 patent and the acts that constitute infringing conduct.

62. With knowledge of the '597 patent and knowledge of the acts that constitute infringement of the '597 patent, Target acted with the specific intent to induce and cause the direct infringement of the '597 patent.

63. Specific acts undertaken by Target to induce infringement of the claims of the '597 patent include: (1) producing and distributing Indirect QR Codes encoded with an index, with the knowledge that when the index is scanned by a user device, the index will be sent to a server and used to lookup the URL of a content server, which is then returned to the user device to enable it to connect with the content server; and (2) expressly encouraging or instructing individuals to scan Indirect QR Codes.

64. Target is liable to NeoMedia for inducing infringement of the '597 Patent, in violation of 35 U.S.C. § 271(b).

65. Target's conduct is willful and deliberate.

66. As a direct and proximate result of Target's acts, NeoMedia has been, and continues to be injured, and has sustained, and will continue to sustain, substantial damages in an amount not yet determined.

67. In addition, NeoMedia has and will continue to suffer irreparable harm as a direct and proximate result of Target's acts of patent infringement.

### COUNT V: CONTRIBUTORY INFRINGEMENT OF THE '597 PATENT

68. NeoMedia incorporates by reference the allegations set forth in paragraphs 1 through 38 of this Complaint as though set forth fully herein.

69. Indirect QR Codes made and distributed by Target are material to practicing the '597 Patent's invention.

70. Indirect QR Codes made and distributed by Target are especially made or especially adapted to indirectly link to a webserver.

71. Indirect QR Codes made and distributed by Target have no substantial non-infringing uses.

72. Target is liable to NeoMedia for contributing to the infringement of the '048 Patent, in violation of 35 U.S.C. § 271(c).

73. Target's conduct is willful and deliberate.

74. As a direct and proximate result of Target's acts, NeoMedia has been, and continues to be injured, and has sustained, and will continue to sustain, substantial damages in an amount not yet determined.

75. In addition, NeoMedia has and will continue to suffer irreparable harm as a direct and proximate result of Target's acts of patent infringement.

## REQUEST FOR RELIEF

WHEREFORE, NeoMedia requests that this Court enter judgment:

A. Adjudging, finding and declaring that Target has directly infringed and indirectly infringed (both via induced infringement and contributory infringement) the asserted claims of each of the Patents-In-Suit under 35 U.S.C. §271;

B. Adjudging, finding and declaring that infringement by Target is willful and deliberate;

C. Ordering Target to pay NeoMedia an amount that, as adequately as possible, compensates NeoMedia for infringement by Target, in no event less than a reasonable royalty fee;

D. Ordering Target to pay court costs, pre-judgment interest, post-judgment interest, and attorneys' fees under 35 U.S.C. §§284 and 285;

E. Finding that this is an "exceptional" case pursuant to 35 U.S.C. §285, and awarding enhanced damages up to and including treble the amount of damages and the payment of attorneys' fees; and

F. Granting NeoMedia such other and further relief as is just and proper, or as the Court deems appropriate.

## JURY DEMAND

NeoMedia demands a trial by jury on all issues that may be so tried.

Dated: May 9, 2014                                  Respectfully submitted,

                                                    /s/ David Berten

David Berten (dberten@giplg.com)
Alexander Debski (adebski@giplg.com)
Global IP Law Group, LLC
233 South Wacker Drive, 92nd Floor
Chicago, IL 60606
T: (312) 241-1500
F: (312) 241-1522

Attorneys for Plaintiff NeoMedia Technologies, Inc.